Judson L. Hand
PROSKAUER ROSE LLP
One Newark Center - 18th Floor
Newark, New Jersey 07102
(973) 274-3200
 - and -
*Brendan J. O'Rourke
*Marcella Ballard
*Adam D. Siegartel
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
(212) 969-3000

Attorneys for Plaintiff
S.C. Johnson & Son, Inc.

*Application for *Pro Hac Vice*
Admission Pending

RECEIVED-CLERK
U.S. DISTRICT COURT
2006 JAN 23  A 10: 06

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

--------------------------------------------------------------x

S.C. JOHNSON & SON, INC.                    :

                 Plaintiff,      :

              v.              :

REEDSDALE SALES CORPORATION, WEST      :
VIEW SALES, INC., a/k/a APL
MANUFACTURING, INC., LARRY A. GAUS,    :
a/k/a LAWRENCE A. GAUS, and STERLING
INTERNATIONAL MERCANTILE, INC.         :

           Defendants.  :

--------------------------------------------------------------x

Civil Action No. 06-_292_ (FSH)

**VERIFIED COMPLAINT**

      Plaintiff S.C. Johnson & Son, Inc. ("**S.C. Johnson**"), with its principal place of

business located at 1525 Howe Street, Racine, Wisconsin 53403, by its attorneys, Proskauer

Rose LLP, as and for its Complaint against defendants Reedsdale Sales Corporation

("**Reedsdale**"), located at 1106 Reedsdale Street, Suite 101, Pittsburgh, Pennsylvania 15233, West View Sales, a/k/a APL Manufacturing, Inc. ("**West View**"), 1106 Reedsdale Street, Suite 101, Pittsburgh, Pennsylvania 15233, Larry A. Gaus, a/k/a Lawrence A. Gaus ("**Gaus**"), located in Pittsburgh, Pennsylvania, and Sterling International Mercantile, Inc. ("**Sterling**"), located in New York, New York (collectively "**Defendants**"), alleges as follows:

### Nature Of The Action

1.      This is an action stemming from Defendants' acts of trademark infringement, trademark counterfeiting, false designation of origin and false representation, trademark dilution, and unfair competition. This action arises out of Defendants' marketing, distribution, offering for sale, and/or sale of counterfeit glass cleaner products that falsely include the designations "WINDEX Trigger Spray Original Glass Cleaner" and "SC Johnson A Family Company." Based upon these counterfeit designations, Defendants' products infringe and dilute S.C. Johnson's strong, distinctive, and famous WINDEX® and SC JOHNSON A FAMILY COMPANY® trademarks (**the "SCJ TRADEMARKS"**) in a manner that is likely to cause confusion, mistake, and deception among consumers, and likely to dilute the distinctive qualities of the famous SCJ TRADEMARKS.

2.      By this action, S.C. Johnson seeks immediate and permanent injunctive relief, expedited discovery to uncover Defendants' source of the counterfeit goods, immediate recall of the remaining counterfeit products in Defendants' control, statutory and compensatory damages, Defendants' profits, and attorneys' fees.

2

## Jurisdiction And Venue

3.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, because the action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and pursuant to the supplemental jurisdiction provisions contained in 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendants because they intentionally distribute, sell, and offer for sale products in New Jersey that violate S.C. Johnson's rights and that are the subject of this action. Additionally, S.C. Johnson is suffering irreparable harm in this judicial district.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants are subject to personal jurisdiction in this judicial district.

## The Parties

6.      Plaintiff S.C. Johnson is a Wisconsin corporation with its principal place of business in Racine, Wisconsin. S.C. Johnson is a family-owned business that manufactures and sells throughout the United States and in this judicial district numerous consumer products bearing the SC JOHNSON A FAMILY COMPANY® trademarks, including the WINDEX® glass cleaner product ("**WINDEX**").

7.      On information and belief, defendant Reedsdale is a Pennsylvania corporation that is responsible for distributing, selling, and/or offering for sale under the designation "WINDEX" a glass cleaner product falsely adorned with the SCJ TRADEMARKS.

3

8.      On information and belief, defendant West View is a Pennsylvania corporation that is responsible for distributing, selling, and/or offering for sale under the designation "WINDEX" a glass cleaner product falsely adorned with the SCJ TRADEMARKS.

9.      On information and belief, defendant Gaus is the principal of West View and Reedsdale, and is responsible for distributing, selling, and/or offering for sale under the designation "WINDEX" a glass cleaner product falsely adorned with the SCJ TRADEMARKS.

10.     On information and belief, defendant Sterling is a New York corporation that is responsible for distributing, selling, and/or offering for sale under the designation "WINDEX" a glass cleaner product falsely adorned with the SCJ TRADEMARKS.

## Facts Common To All Claims For Relief

### THE SCJ TRADEMARKS

11.     S.C. Johnson is one of the world's leading consumer products companies. Its brands include such well-known products as SARAN WRAP, SHOUT, ZIPLOC, DRANO, OFF, PLEDGE, RAID, GLADE, and WINDEX.

12.     At issue in this lawsuit are several federal trademark registrations owned by S.C. Johnson, including the following:

4

## WINDEX Trademark Registrations

| Trademark | Registration No. | Registration Date |
|-----------|-----------------|-------------------|
| WINDEX | U.S. Registration No. 300,651 | January 31, 1933 |
| WINDEX | U.S. Registration No. 845,162 | February 27, 1968 |
| NEW! WINDEX MULTI-SURFACE SPARKLING ORANGE CLEANER STREAK-FREE SHINE | U.S. Registration No. 2,941,583 | April 19, 2005 |

## SC JOHNSON A FAMILY COMPANY Trademark Registrations

| | | |
|-----------|-----------------|-------------------|
| SC JOHNSON A FAMILY COMPANY | U.S. Registration No. 2,458,685 | June 5, 2001 |
| SC JOHNSON A FAMILY COMPANY | U.S. Registration No. 2,474,552 | July 31, 2001 |

Such registrations are valid and subsisting. Several of these trademarks have become incontestable pursuant to 15 U.S.C. § 1065. Printouts from the U.S. Patent and Trademark Office ("**PTO**") website (www.uspto.gov) reflecting the trademark registrations are attached as Exhibit 1. The PTO printouts document the filing of incontestability affidavits pursuant to Section 15 of the Lanham Act for several of the registrations.

13.     In addition to its extensive rights under these registrations, S.C. Johnson has and claims extensive common law rights in the SCJ TRADEMARKS in connection with its glass cleaning products.

14.     The SCJ TRADEMARKS are inherently distinctive trademarks.

5

15.     The SCJ TRADEMARKS have achieved extraordinary fame and have come to represent the highest quality of glass cleaner products.

16.     Authentic WINDEX comes packaged in a clear bottle with a distinctive sunburst front label prominently displaying the WINDEX trademark in a bold, red typeface. Authentic WINDEX also includes in white type at the bottom right of the front label the SC JOHNSON A FAMILY COMPANY trademark inside a dark blue triangular area. Authentic WINDEX has a red and white trigger, and is sold in twenty-six and thirty-two ounce bottles.

17.     S.C. Johnson has always exercised great care, skill, and diligence in maintaining uniform standards of high quality for its WINDEX and other S.C. Johnson products. By virtue of S.C. Johnson's exclusive use, and through extensive advertising, promotion, and sales throughout the United States, S.C. Johnson has developed substantial goodwill, consumer recognition, and value in the distinctive SCJ TRADEMARKS.

18.     The SCJ TRADEMARKS have come to be exclusively identified with S.C. Johnson, and S.C. Johnson's products have achieved secondary meaning, are strong and famous, and are entitled to the widest scope of protection under federal and state trademark infringement and anti-dilution laws.

19.     Also by virtue of S.C. Johnson's continuous and exclusive use, and through extensive advertising, promotion, and sales throughout the United States, the SCJ TRADEMARKS have come to be recognized and relied on by the trade and the consuming public in the United States as identifying a product originating exclusively from S.C. Johnson, and as distinguishing S.C. Johnson from others and the products of others.

6

**Defendants' Infringing And Dilutive Business Activities**

20.　　On information and belief, Defendants are well aware of the popularity of the SCJ TRADEMARKS and the goodwill represented and symbolized by the SCJ TRADEMARKS.

21.　　Recently, through its agents, S.C. Johnson obtained a large quantity of "WINDEX" glass cleaner products – 1440 cases -- from defendant Reedsdale. S.C. Johnson obtained a case of Defendants' WINDEX product from its agent and conducted an analysis of the bottle and cases of the product, as well as the blue-colored cleaning solution found inside the bottles. On information and belief, the product obtained from defendant Reedsdale is the same product that defendant Sterling had previously offered for sale in June, 2005.

22.　　S.C. Johnson received Defendants' "WINDEX" products in the packaging in which Defendants were offering the "WINDEX" product for sale. Defendants' "WINDEX" product included a label bearing the SCJ TRADEMARKS. After review and analysis, S.C. Johnson has affirmatively concluded that Defendants' "WINDEX" products are counterfeit products not marketed, distributed, or authorized to be marketed or distributed by S.C. Johnson.

23.　　The cartons containing Defendants' product, in addition to bearing the SCJ TRADEMARKS, contain the statements "12 / 650 ml," "Trigger Spray," and "Windex Glass and Surface Cleaner." Defendants' cartons bearing the SCJ TRADEMARKS were neither manufactured nor authorized by S.C. Johnson.

7

24.     It was clear to S.C. Johnson representatives at first glance that Defendants'
products offered for sale under the SCJ Trademarks were not authentic. This immediate
impression was based upon several factors concerning the counterfeit product, including the
following: (a) the trigger on Defendants' product is not a trigger color used by S.C. Johnson for
its genuine WINDEX product; (b) it is sold in a 650 milliliter bottle, a size that is not currently
being manufactured or sold by S.C. Johnson, a size that does not list the ounces equivalent, and
that has not been manufactured or sold by S.C. Johnson for nearly a decade; and (c) the bottle
design and label are a different shape and style than any genuine WINDEX product ever sold by
S.C. Johnson.

25.     Analysis of Defendants' glass cleaner revealed that the product was
counterfeit, containing a solution that is not in fact authentic WINDEX glass cleaner.

26.     Defendants' counterfeit "WINDEX" product does not meet the quality
control standards of S.C. Johnson.

27.     In connection with its efforts to market, promote, and distribute its
counterfeit, unauthorized products improperly bearing the SCJ TRADEMARKS, Defendants
have, without authorization from S.C. Johnson, produced and distributed promotional materials,
which include defendant Reedsdale's offer to sell "1440 cases (2 trucks available)" at defendant
Reedsdale's substantially-discounted price of "$1.45 each / $17.40 case." A true and correct
copy of defendant Reedsdale's promotional material is attached as Exhibit 1 to the
accompanying Declaration of James Babbish.

28.     Upon information and belief, defendant Reedsdale ultimately distributed
to S.C. Johnson's agents the 1440 cases of WINDEX from a warehouse located in South

8

Plainfield, New Jersey. Agents of S.C. Johnson discovered that Defendants have an additional 1440 cases of "WINDEX" products available. Defendants have offered the additional "WINDEX" product to agents of S.C. Johnson as recently as January 6, 2006.

29.     None of the Defendants are authorized or licensed to sell or distribute any products bearing the SCJ TRADEMARKS.

30.     Defendants' sale of unauthorized, counterfeit product under the SCJ TRADEMARKS is likely to confuse consumers and dilute and tarnish the value of S.C. Johnson and S.C. Johnson's trademarks.

31.     Defendants' unauthorized use of the SCJ TRADEMARKS on the counterfeit "WINDEX" glass cleaner product and on the packaging of said product will cause many consumers to mistakenly believe that Defendants' product originates from S.C. Johnson or is sponsored or authorized by S.C. Johnson.

32.     The actual and intended effect of Defendants' use of the SCJ TRADEMARKS is to cause consumers to be confused or deceived or to mistakenly believe that Defendants' products are authentic WINDEX products, otherwise originate from S.C. Johnson, and/or are sponsored by, approved by, or affiliated with S.C. Johnson.

33.     On information and belief, Defendants have relied, and will continue to rely, on S.C. Johnson's existing goodwill, consumer recognition, and extensive marketing, promotion, and advertising of WINDEX, in order to enhance the sales of its counterfeit and infringing products.

9

34.     Defendants' use of the SCJ TRADEMARKS in connection with an
unauthorized product is likely to dilute, tarnish, and blur the distinctive qualities of the SCJ
TRADEMARKS in the minds of the consuming public.

35.     As a direct and proximate result of the foregoing actions of Defendants,
S.C. Johnson is suffering and, absent injunctive relief, will continue to suffer, irreparable injury
for which there is no adequate remedy at law.

36.     Further, the foregoing actions of Defendants are likely to cause
S.C. Johnson to suffer substantial damages, including but not limited to lost sales, damaged
goodwill, and lost profits.

37.     On information and belief, the foregoing actions of Defendants were
undertaken willfully, wantonly, and in deliberate disregard of S.C. Johnson's rights, and for the
purpose of intentionally misappropriating and capitalizing on S.C. Johnson's goodwill.

38.     The foregoing acts have occurred in interstate commerce and/or in a
manner affecting interstate commerce.

## Count I
### (For Trademark Counterfeiting And Trademark Infringement
### Pursuant To Section 32 Of The Lanham Act, 15 U.S.C. § 1114)

39.     S.C. Johnson repeats and realleges each and every allegation contained in
paragraphs 1 through 38 as if fully set forth herein.

40.     S.C. Johnson is the owner of the registered SCJ TRADEMARKS.

41.     Defendants are willfully infringing and counterfeiting S.C. Johnson's
registered trademarks by their unauthorized use of the SCJ TRADEMARKS in connection with
the distribution and sale of their unauthorized glass cleaner.

10

42.   Defendants' actions are likely to cause confusion or mistake or to deceive the relevant consuming public; are likely to cause consumers and the public to mistakenly believe that S.C. Johnson has manufactured, sponsored, authorized, or licensed Defendants' products for sale, and/or that Defendants' products are being distributed by an authorized distributor; and are further likely to damage the reputation and goodwill previously established by S.C. Johnson in the WINDEX product, S.C. Johnson's other products, and the SCJ TRADEMARKS. The foregoing acts of Defendants constitute trademark counterfeiting and infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## Count II
### (For False Designation Of Origin Pursuant To 15 U.S.C. § 1125(a))

43.   S.C. Johnson repeats and realleges each and every allegation contained in paragraphs 1 through 42 as if fully set forth herein.

44.   Defendants' unauthorized marketing, displaying, advertising, distributing, and selling of unauthorized glass cleaner using the SCJ TRADEMARKS constitutes false designation of origin and a false description of fact, which is likely to cause confusion or mistake and/or likely to deceive the relevant consuming public concerning whether Defendants' products are manufactured by, approved by, and/or affiliated, connected, and/or associated with S.C. Johnson. Defendants' actions are further likely to damage the reputation and goodwill previously established by S.C. Johnson in the WINDEX product, S.C. Johnson's other products, and the SCJ TRADEMARKS.

45.   The foregoing acts of Defendants constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

11

## Count III
### (For Federal Trademark Dilution Pursuant To 15 U.S.C. § 1125(c))

46.     S.C. Johnson repeats and realleges each and every allegation contained in paragraphs 1 through 45 as if fully set forth herein.

47.     The SCJ TRADEMARKS have become famous by virtue of, *inter alia*, their strong brand recognition, extent of use, extent of advertising and publicity, and nationwide usage.

48.     Defendants' promotion and sale of counterfeit and infringing glass cleaner after the SCJ TRADEMARKS became famous directly threatens to dilute the distinctiveness of the SCJ TRADEMARKS by blurring the SCJ TRADEMARKS' ability to act as distinctive identifiers of source or origin and by circumventing S.C. Johnson's efforts designed to maintain the integrity of the products with which the SCJ TRADEMARKS are associated.

49.     Defendants' promotion and sale of its unauthorized glass cleaner directly threatens to dilute the distinctiveness of the SCJ TRADEMARKS by tarnishing the SCJ TRADEMARKS and by circumventing S.C. Johnson's efforts designed to maintain the integrity and quality of the products with which the SCJ TRADEMARKS are associated.

50.     The foregoing acts of Defendants will dilute the distinctive qualities of the SCJ TRADEMARKS in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

## Count IV
### (For Trademark Dilution Pursuant To N.J. Stat. Ann. § 56:3-13.20)

51.     S.C. Johnson repeats and realleges each and every allegation contained in paragraphs 1 through 51 as if fully set forth herein.

12

52.     The foregoing acts of Defendants will dilute the distinctive qualities of the

SCJ TRADEMARKS in violation of N.J. Stat. Ann. § 56:3-13.20, and in violation of the similar

statutory and common laws of each and every state in which Defendants engage in said acts.

### Count V
### (For Common Law And Statutory Unfair
### Competition Pursuant To N.J. Stat. Ann. § 56:4-1)

53.     S.C. Johnson repeats and realleges each and every allegation contained in

paragraphs 1 through 53 as if fully set forth herein.

54.     The foregoing acts of Defendants constitute unfair competition in

violation of N.J. Stat. Ann. § 56:4-1, the common law of the State of New Jersey, and the similar

statutory and common laws of each and every state in which Defendants engage in said acts.

### Count VI
### (For Trafficking Or Attempting To Traffic Counterfeit
### Marks Pursuant To N.J. Stat. Ann. § 56:3-13.16)

55.     S.C. Johnson repeats and realleges each and every allegation contained in

paragraphs 1 through 55 as if fully set forth herein.

56.     The foregoing acts of Defendants constitute trafficking or attempted

trafficking in counterfeit marks in violation of N.J. Stat. Ann. § 56:3-13.16, the common law of

the State of New Jersey, and the similar statutory and common laws of each and every state in

which Defendants engage in said acts.

13

## Prayer For Relief

WHEREFORE, S.C. Johnson respectfully prays for an Order to be entered against Defendants as follows:

A.      Temporarily, preliminarily, and permanently restraining and enjoining Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendants, jointly and severally, from:

i.      Selling, distributing, or promoting any infringing glass cleaner adorned with or otherwise in connection with the SCJ TRADEMARKS or any colorable imitation thereof;

ii.     Representing by any means whatsoever, directly or indirectly, that any products sold, distributed, or promoted by Defendants are genuine S.C. Johnson WINDEX products or are sponsored or authorized by, and/or associated, connected, or affiliated with S.C. Johnson when they are not; or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of purchasers as to the origin or sponsorship of Defendants' products, their quality, or their value; and

iii.    Causing, engaging in, or permitting others to do any of the aforesaid acts.

B.      Authorizing S.C. Johnson or its designees, pursuant to Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d), and the inherent power of this Court, to immediately confiscate and/or impound any of the following items that are in Defendants' possession, custody, or control:

14

       i.      Any products adorned with or otherwise containing the SCJ TRADEMARKS or any colorable imitation thereof;

       ii.     Any sales, promotional, or advertising materials depicting or promoting the sale of any product under the SCJ TRADEMARKS;

       iii.    Any documents, records, or electronic files relating to the manufacture, distribution, sale, promotion, purchase, or acquisition of any products containing the SCJ TRADEMARKS that have been, or are intended to be, sold; and

       iv.    Any documents, records, or electronic files relating to the manufacture, distribution, sale, promotion, purchase, or acquisition of any products that have been, or are intended to be, sold in packaging containing the SCJ TRADEMARKS.

       C.     Requiring Defendants to recall from trade and all distribution channels any and all products, packaging, advertising, and promotional materials bearing the infringing SCJ TRADEMARKS and any reproduction, copy, or colorable imitation thereof;

       D.     Directing Defendants to deliver up to this Court, by a date which the Court shall direct, for impounding, destruction, or other disposition, all materials bearing the infringing trademark(s) in Defendants' possession, custody or control, including, without limitation, all merchandise, transfer designs, packaging, package inserts, labels, signs, prints, wrappers, receptacles, advertising, or other materials, and the means for making or reproducing same, which violate the provisions of Paragraph A above, or any portion thereof.

       E.     Directing Defendants to file with the Court and serve on counsel for S.C. Johnson within thirty (30) days after entry of any temporary, preliminary, or permanent

15

injunction issued by the Court in this action, a sworn written statement setting forth in detail the manner and form in which Defendants have complied with the injunction.

F.      Directing Defendants to account to S.C. Johnson for all gains, profits, and advantages derived from Defendants' wrongful acts described above.

G.      Directing that Defendants pay S.C. Johnson such damages as S.C. Johnson has sustained as a consequence of Defendants' wrongful acts complained of herein.

H.      Awarding S.C. Johnson on its state law claims, compensatory and punitive damages in an amount to be determined at trial.

I.      Finding this to be an "exceptional case," because of the willful and intentional nature of these violations, and directing that S.C. Johnson's actual damages be multiplied or otherwise enhanced and that Defendants pay S.C. Johnson the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

J.      Granting S.C. Johnson such other and further relief as the Court may deem just and proper.

Dated:     January 20, 2006

PROSKAUER ROSE LLP

By: _____

Judson L. Hand
One Newark Center
18th Floor
Newark, New Jersey 07102
(973) 274-3200

and

*Brendan J. O'Rourke
*Marcella Ballard
*Adam D. Siegartel
1585 Broadway
New York, New York 10036
Phone: (212) 969-3000

Attorneys for Plaintiff
S.C. Johnson & Son, Inc.

*Application for *Pro Hac Vice*
Admission Pending

17

Dated:        January 20, 2006

PROSKAUER ROSE LLP

By: _____

Judson L. Hand
One Newark Center
18th Floor
Newark, New Jersey 07102
(973) 274-3200

and

*Brendan J. O'Rourke
*Marcella Ballard
*Adam D. Siegartel
1585 Broadway
New York, New York 10036
Phone: (212) 969-3000

Attorneys for Plaintiff
S.C. Johnson & Son, Inc.

*Application for *Pro Hac Vice*
Admission Pending

17

## VERIFICATION

STATE OF WISCONSIN     )
                       : ss.:
COUNTY OF RACINE       )

Bradley J. Goodwin, being duly sworn, deposes and says:

I am Vice President of Home Cleaning Marketing of S.C. Johnson & Son, Inc. ("**S.C. Johnson**"), plaintiff in this action, and am authorized to make this verification for and on behalf of S.C. Johnson, and I make this verification for that reason. I have read the foregoing Verified Complaint and know its contents. The Verified Complaint is true to my knowledge, except as to those averments alleged on information and belief, and as to those matters, I believe them to be true.

_____
Bradley J. Goodwin

Sworn to before me this
30th day of January, 2006.

_____
Notary Public

18

## <u>RULE 11.2 INITIAL CERTIFICATION</u>

I, Marcella Ballard, an Associate at Proskauer Rose, LLP, hereby certify, under penalty of perjury, that the controversy set forth in the Verified Complaint is not the subject of any other action pending in any court, or any other pending arbitration or administrative proceeding.

_____
Marcella Ballard

RECEIVED-CLERK
U.S. DISTRICT COURT

2006 JAN 23   A 10: 04

19

EX. 1

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2006-01-18 13:50:31 ET

**Serial Number:** 71329258 <u>Assignment Information</u>

**Registration Number:** 300651 <u>Assignment Information</u>

**Mark**



**(words only):** WINDEX

**Standard Character claim:** No

**Current Status:** This registration has been renewed.

**Date of Status:** 2003-03-15

**Filing Date:** 1932-08-01

**Transformed into a National Application:** No

**Registration Date:** 1933-01-31

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact
the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 900 -File Repository (Franconia)

**Date In Location:** 2004-06-23

---

### LAST APPLICANT(S)/OWNER(S) OF RECORD

1. S.C. JOHNSON & SON, INC.

**Address:**
S.C. JOHNSON & SON, INC.
1525 HOWE STREET

RACINE, WI 534032236
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Wisconsin

## GOODS AND/OR SERVICES

**U.S. Class:** 052 (International Class 003)
LIQUID CLEANER FOR GLASS AND VITREOUS SURFACES
**First Use Date:** 1932-07-22
**First Use in Commerce Date:** 1932-07-22

**Basis:** 1(a)

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

2003-03-15 - Fourth renewal 10 year

2003-03-15 - Section 8 (10-year) accepted/ Section 9 granted

2003-01-09 - Combined Section 8 (10-year)/Section 9 filed

2003-01-09 - TEAS Change of Correspondence Received

2003-01-09 - TEAS Section 8 & 9 Received

1992-12-03 - Third renewal 10 year

1992-10-26 - Section 9 filed/check record for Section 8

1973-01-31 - Second renewal

## CORRESPONDENCE INFORMATION

**Correspondent**
STEPHEN CHESNOFF (Attorney of record)

RUTH J. LEBED-ROFES
S. C. JOHNSON & SON, INC.

1525 Howe Street
Racine WI 53403-2236

**Phone Number:** 262/260-2442
**Fax Number:** 262/260-4253



**United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help





## Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments: 4**
**Serial #:** 71329258    **Filing Dt:** 08/01/1932    **Reg #:** 0300651    **Reg. Dt:** 01/31/1933
**Registrant:** DRACKETT CHEMICAL COMPANY, THE
      **Mark:** WINDEX

**Assignment: 1**
  **Reel/Frame:** 0128/0732    **Received:**    **Recorded:** 08/30/1965      **Pages:** 8
  **Conveyance:** ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL
    **Assignor:** DRACKETT COMPANY, THE      **Exec Dt:** 07/31/1965
                                   **Entity Type:** CORPORATION
                                   **Citizenship:** OHIO

    **Assignee:** DRACKETT COMPANY, THE      **Entity Type:** CORPORATION
                5020 SPRING GROVE AVE.      **Citizenship:** DELAWARE
                CINCINNATI, OHIO
**Correspondent:** BRISTOL-MYERS CO.
                   PATENT DEPT.
                   630-5TH AVE.
                   NEW YORK, NY 10020

**Assignment: 2**
  **Reel/Frame:** 0904/0286    **Received:**    **Recorded:** 02/10/1993      **Pages:** 16
  **Conveyance:** MERGER
    **Assignor:** DRACKETT COMPANY, THE      **Exec Dt:** 12/31/1992
                                     **Entity Type:** CORPORATION
                                   **Citizenship:** DELAWARE

    **Assignee:** NEW DRACKETT, INC.      **Entity Type:** CORPORATION
                201 E. FOURTH STREET      **Citizenship:** DELAWARE
                CINCINNATI, OHIO 45202
**Correspondent:** PAMELA MCKENNA PATZKE
                   S.C. JOHNSON & SON, INC.
                   1525 HOWE STREET
                   RACINE, WI 53403

**Assignment: 3**
  **Reel/Frame:** 0934/0032    **Received:**    **Recorded:** 02/12/1993      **Pages:** 14
  **Conveyance:** CHANGE OF NAME
    **Assignor:** NEW DRACKETT, INC.      **Exec Dt:** 01/08/1993
                                       **Entity Type:** CORPORATION
                                   **Citizenship:** DELAWARE

    **Assignee:** DRACKETT COMPANY, THE      **Entity Type:** CORPORATION
                201 E. FOURTH STREET CINCINNATI, OH 45202      **Citizenship:** DELAWARE

**Correspondent:** PAMELA MCKENNA PATZKE
S. C. JOHNSON & SON, INC.
1525 HOWE ST.
RACINE, WI 53403

**Assignment: 4**

| | | | |
|---|---|---|---|
| **Reel/Frame:** 1006/0479 | **Received:** | **Recorded:** 07/29/1993 | **Pages:** 6 |

**Conveyance:** ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL

**Assignor:** DRACKETT COMPANY, THE

**Exec Dt:** 06/25/1993
**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Assignee:** S. C. JOHNSON & SON, INC.
1525 HOWE STREET
RACINE, WISCONSIN 53403

**Entity Type:** CORPORATION
**Citizenship:** WISCONSIN

**Correspondent:** RUTH J. LEBED-ROFES
S. C. JOHNSON & SON, INC.
1525 HOWE STREET
RACINE, WI 53403

Search Results as of: 01/18/2006 01:51 PM

If you have any comments or questions concerning the data displayed, contact OPR / Assignments at 571-272-3350.

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2006-01-18 14:02:38 ET

**Serial Number:** 72266019 Assignment Information

**Registration Number:** 845162 Assignment Information

**Mark (words only):** WINDEX

**Standard Character claim:** No

**Current Status:** This registration has been renewed.

**Date of Status:** 1988-04-20

**Filing Date:** 1967-03-06

**Transformed into a National Application:** No

**Registration Date:** 1968-02-27

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 900 -File Repository (Franconia)

**Date In Location:** 2001-11-02

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. DRACKETT COMPANY, THE

**Address:**
DRACKETT COMPANY, THE
5020 SPRING GROVE AVE.
CINCINNATI, OH 45232
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

## GOODS AND/OR SERVICES

**U.S. Class:** 052 (International Class 003)
MULTI-USE LIQUID CLEANER

**First Use Date:** 1967-01-19
**First Use in Commerce Date:** 1967-01-19

**Basis:** 1(a)

## ADDITIONAL INFORMATION

**Prior Registration Number(s):**
300651
531055

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

1988-02-27 - First renewal

1987-09-18 - Section 9 filed/check record for Section 8

## CORRESPONDENCE INFORMATION

**Correspondent**
MARCELLA A. STAPOR (Attorney of record)

MARCELLA A. STAPOR, LAW DEPT.
C/O BRISTOL-MYERS COMPANY
345 PARK AVENUE
NEW YORK, N.Y. 10154



**United States Patent and Trademark Office**

Home|Site Index|Search|Guides|Contacts|eBusiness|eBiz alerts|News|Help



## Assignments on the Web > **Trademark Query**

# Trademark Assignment Abstract of Title

**Total Assignments: 3**
  **Serial #:** 72266019    **Filing Dt:** 03/06/1967    **Reg #:** 0845162    **Reg. Dt:** 02/27/1968
**Registrant:** DRACKETT COMPANY, THE
      **Mark:** WINDEX

**Assignment: 1**
  **Reel/Frame:** 0904/0286    **Received:**    **Recorded:** 02/10/1993    **Pages:** 16
  **Conveyance:** MERGER
    **Assignor:** DRACKETT COMPANY, THE    **Exec Dt:** 12/31/1992
                                            **Entity Type:** CORPORATION
                                          **Citizenship:** DELAWARE
    **Assignee:** NEW DRACKETT, INC.    **Entity Type:** CORPORATION
                201 E. FOURTH STREET    **Citizenship:** DELAWARE
                CINCINNATI, OHIO 45202
**Correspondent:** PAMELA MCKENNA PATZKE
                      S.C. JOHNSON & SON, INC.
                      1525 HOWE STREET
                      RACINE, WI 53403

**Assignment: 2**
  **Reel/Frame:** 0934/0032    **Received:**    **Recorded:** 02/12/1993    **Pages:** 14
  **Conveyance:** CHANGE OF NAME
    **Assignor:** NEW DRACKETT, INC.    **Exec Dt:** 01/08/1993
                                            **Entity Type:** CORPORATION
                                          **Citizenship:** DELAWARE
    **Assignee:** DRACKETT COMPANY, THE    **Entity Type:** CORPORATION
                201 E. FOURTH STREET CINCINNATI, OH 45202    **Citizenship:** DELAWARE
**Correspondent:** PAMELA MCKENNA PATZKE
                      S. C. JOHNSON & SON, INC.
                      1525 HOWE ST.
                      RACINE, WI 53403

**Assignment: 3**
  **Reel/Frame:** 1006/0479    **Received:**    **Recorded:** 07/29/1993    **Pages:** 6
  **Conveyance:** ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL
    **Assignor:** DRACKETT COMPANY, THE    **Exec Dt:** 06/25/1993
                                            **Entity Type:** CORPORATION
                                          **Citizenship:** DELAWARE
    **Assignee:** S. C. JOHNSON & SON, INC.    **Entity Type:** CORPORATION
                1525 HOWE STREET    **Citizenship:** WISCONSIN
                RACINE, WISCONSIN 53403

**Correspondent:** RUTH J. LEBED-ROFES
S. C. JOHNSON & SON, INC.
1525 HOWE STREET
RACINE, WI 53403

Search Results as of: 01/18/2006 02:03 PM

If you have any comments or questions concerning the data displayed, contact OPR / Assignments at 571-272-3350

| .HOME | INDEX| SEARCH | *e*BUSINESS | CONTACT US | PRIVACY STATEMENT

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2006-01-18 14:04:06 ET

**Serial Number:** 78223751

**Registration Number:** 2941583

**Mark**



**(words only):** NEW! WINDEX MULTI-SURFACE SPARKLING ORANGE CLEANER STREAK-FREE SHINE

**Standard Character claim:** No

**Current Status:** Registered.

**Date of Status:** 2005-04-19

**Filing Date:** 2003-03-10

**Transformed into a National Application:** No

**Registration Date:** 2005-04-19

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 116

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 650 -Publication And Issue Section

**Date In Location:** 2005-04-19

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. S. C. JOHNSON & SON, INC.

**Address:**
S. C. JOHNSON & SON, INC.

1525 Howe Street
Racine, WI 534032236
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Wisconsin
**Phone Number:** 262/260-2442
**Fax Number:** 262/260-4253

## GOODS AND/OR SERVICES

**International Class:** 003
Glass and multi-surface cleaning preparations
**First Use Date:** 2002-09-16
**First Use in Commerce Date:** 2002-09-16

**Basis:** 1(a)

## ADDITIONAL INFORMATION

**Disclaimer:** NEW, STREAK-FREE SHINE, CLEANER, MULTI-SURFACE and ORANGE

**Prior Registration Number(s):**
300651
845162

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

2005-04-19 - Registered - Principal Register

2005-01-25 - Published for opposition

2005-01-05 - Notice of publication

2004-11-22 - Law Office Publication Review Completed

2004-11-22 - Assigned To LIE

2004-11-22 - Assigned To LIE

2004-11-03 - Approved for Pub - Principal Register (Initial exam)

2004-10-12 - Amendment From Applicant Entered

2004-09-28 - Communication received from applicant

2004-09-28 - TEAS Response to Office Action Received

2004-04-08 - Final refusal e-mailed

2004-02-27 - Communication received from applicant

2004-03-01 - Email Received

2003-09-02 - Non-final action e-mailed

2003-08-29 - Case file assigned to examining attorney

## CORRESPONDENCE INFORMATION

**Correspondent**
Ruth J. Lebed-Rofes (Attorney of record)

Ruth J. Lebed-Rofes
S. C. JOHNSON & SON, INC.
1525 Howe Street
Racine WI USA 53403-2236

**Phone Number:** 262/260-2442
**Fax Number:** 262/260-4253

Thank you for your request. Here are the latest results from the TARR web server.

This page was generated by the TARR system on 2006-01-18 14:04:37 ET

**Serial Number:** 75980449

**Registration Number:** 2458685

**Mark**



**(words only):** SC JOHNSON A FAMILY COMPANY

**Standard Character claim:** No

**Current Status:** Registered.

**Date of Status:** 2001-06-05

**Filing Date:** 1998-09-29

**Transformed into a National Application:** No

**Registration Date:** 2001-06-05

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 112

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 900 -File Repository (Franconia)

**Date In Location:** 2001-06-19

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. S. C. JOHNSON & SON, INC.

**Address:**
S. C. JOHNSON & SON, INC.
1525 Howe Street
Racine, WI 534032236

United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Wisconsin

## GOODS AND/OR SERVICES

**International Class:** 003
ALL PURPOSE CLEANING, POLISHING, SCOURING AND ABRASIVE PREPARATIONS; PRE-TREATMENT AND SPOT AND STAIN REMOVING PREPARATIONS; VARNISH REMOVING PREPARATIONS; FLOOR WAXES; FURNITURE WAXES; AUTOMOBILE WAXES; WAX REMOVING PREPARATIONS; PROTECTIVE COATINGS IN THE NATURE OF FURNITURE, FLOOR AND AUTOMOBILE POLISH; DRAIN OPENERS; HOUSEHOLD CLEANING SOAPS, NOT FOR USE ON THE HUMAN BODY; CARPET AND UPHOLSTERY CLEANERS; HARD SURFACE CLEANERS
**First Use Date:** 1999-12-10
**First Use in Commerce Date:** 1999-12-10

**Basis:** 1(a)

**International Class:** 004
CANDLES
**First Use Date:** 2000-01-01
**First Use in Commerce Date:** 2000-01-01

**Basis:** 1(a)

**International Class:** 005
AIR DEODORANTS; GERMICIDAL PREPARATIONS; ALL PURPOSE DISINFECTANTS; PREPARATIONS FOR KILLING WEEDS AND DESTROYING VERMIN; INSECTICIDES FOR DOMESTIC USE; MOTH PROOFERS; INSECT REPELLENTS; FUNGICIDES FOR DOMESTIC USE; RODENTICIDES; AIR FRESHENERS; FABRIC DEODORIZERS; CARPET AND ROOM DEODORIZERS
**First Use Date:** 2000-03-01
**First Use in Commerce Date:** 2000-03-01

**Basis:** 1(a)

**International Class:** 016
GENERAL PURPOSE PLASTIC BAGS; PLASTIC WRAPS; VACUUM CLEANER BAGS
**First Use Date:** 1999-10-05
**First Use in Commerce Date:** 1999-10-05

**Basis:** 1(a)

**International Class:** 021
PLASTIC CONTAINERS FOR FOOD AND HOUSEHOLD USE
**First Use Date:** 1999-10-05
**First Use in Commerce Date:** 1999-10-05

**Basis:** 1(a)

## ADDITIONAL INFORMATION

**Disclaimer:** "COMPANY"

**Name Portrait Consent:** "S.C. JOHNSON" does not identify a living individual.

**Prior Registration Number(s):**
301319
1757946

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

2001-06-05 - Registered - Principal Register

2001-03-23 - Allowed for Registration - Principal Register (SOU accepted)

2001-03-13 - Case file assigned to examining attorney

2001-03-07 - Statement of use processing complete

2000-11-01 - Amendment to Use filed

2001-03-07 - Divisional processing completed

2000-11-01 - Divisional request received

2000-05-02 - Notice of allowance - mailed

2000-02-08 - Published for opposition

2000-01-07 - Notice of publication

1999-10-29 - Approved for Pub - Principal Register (Initial exam)

1999-10-08 - Communication received from applicant

1999-04-09 - Non-final action mailed

1999-04-07 - Case file assigned to examining attorney

1999-04-07 - Case file assigned to examining attorney

## CORRESPONDENCE INFORMATION

**Correspondent**
Margaret M. Serrano (Attorney of record)

MARGARET M. SERRANO
1525 HOWE STREET
RACINE, WI 53403-2236

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2006-01-18 14:05:17 ET

**Serial Number:** 75980745

**Registration Number:** 2474552

**Mark (words only):** SC JOHNSON A FAMILY COMPANY

**Standard Character claim:** No

**Current Status:** Registered.

**Date of Status:** 2001-07-31

**Filing Date:** 1999-07-09

**Transformed into a National Application:** No

**Registration Date:** 2001-07-31

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 112

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 900 -File Repository (Franconia)

**Date In Location:** 2001-08-17

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. S. C. JOHNSON & SON, INC.

**Address:**
S. C. JOHNSON & SON, INC.
1525 Howe Street
Racine, WI 534032236
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Wisconsin

## GOODS AND/OR SERVICES

**International Class:** 003
ALL PURPOSE CLEANING, POLISHING, SCOURING AND ABRASIVE PREPARATIONS; PRE-

TREATMENT AND SPOT AND STAIN REMOVING PREPARATIONS; VARNISH REMOVING PREPARATIONS; FLOOR WAXES; FURNITURE WAXES; AUTOMOBILE WAXES; WAX REMOVING PREPARATIONS; PROTECTIVE COATINGS IN THE NATURE OF FURNITURE, FLOOR AND AUTOMOBILE POLISH; DRAIN OPENERS; SOAPS, NOT FOR USE ON THE HUMAN BODY; LAUNDRY DETERGENTS; CARPET AND UPHOLSTERY CLEANERS; HARD SURFACE CLEANERS
**First Use Date:** 1999-12-10
**First Use in Commerce Date:** 1999-12-10

**Basis:** 1(a)

**International Class:** 004
CANDLES
**First Use Date:** 2000-01-01
**First Use in Commerce Date:** 2000-01-01

**Basis:** 1(a)

**International Class:** 005
AIR DEODORANTS; GERMICIDAL PREPARATIONS; ALL PURPOSE DISINFECTANTS; PREPARATIONS FOR KILLING WEEDS AND DESTROYING VERMIN; INSECTICIDES FOR DOMESTIC USE; MOTH PROOFERS; INSECT REPELLENTS; FUNGICIDES FOR DOMESTIC USE; RODENTICIDES; AIR FRESHENERS; FABRIC DEODORIZERS; CARPET AND ROOM DEODORIZERS
**First Use Date:** 2000-03-01
**First Use in Commerce Date:** 2000-03-01

**Basis:** 1(a)

**International Class:** 016
GENERAL PURPOSE PLASTIC BAGS; PLASTIC WRAPS; VACUUM CLEANER BAGS
**First Use Date:** 1999-10-05
**First Use in Commerce Date:** 1999-10-05

**Basis:** 1(a)

**International Class:** 021
PLASTIC CONTAINERS FOR FOOD AND HOUSEHOLD USE
**First Use Date:** 1999-10-05
**First Use in Commerce Date:** 1999-10-05

**Basis:** 1(a)

---

## ADDITIONAL INFORMATION

**Disclaimer:** "COMPANY"

**Name Portrait Consent:** The name "S.C. JOHNSON" does not identify a living individual.

**Prior Registration Number(s):**

301319
2291611

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

2001-07-31 - Registered - Principal Register

2001-05-11 - Allowed for Registration - Principal Register (SOU accepted)

2001-05-10 - Case file assigned to examining attorney

2001-04-29 - Statement of use processing complete

2001-02-08 - Amendment to Use filed

2001-05-02 - Divisional processing completed

2001-02-08 - Divisional request received

2000-10-03 - Notice of allowance - mailed

2000-07-11 - Published for opposition

2000-06-09 - Notice of publication

2000-04-03 - Approved for Pub - Principal Register (Initial exam)

2000-02-14 - Communication received from applicant

1999-11-23 - Non-final action mailed

1999-10-23 - Case file assigned to examining attorney

1999-10-21 - Case file assigned to examining attorney

## CORRESPONDENCE INFORMATION

**Correspondent**
Ruth J. Lebed-Rofes (Attorney of record)

RUTH J. LEBED-ROFES
1525 HOWE STREET
RACINE, WI 53403-2236

Case 2:06-cv-00292-FSH-PS   Document 1   Filed 01/23/06   Page 41 of 41 PageID: 96